UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA E. PUPO PEREZ and JUAN
LA O BETANCOURT,

    Plaintiffs,

v.                                         Case No.:   2:25-cv-736-SPC-NPM

AMERICAN ZURICH
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

Before the Court are Defendant American Zurich Insurance Company's Motion to Dismiss (Doc. 13) and Plaintiffs Rosa E. Pupo Perez and Juan La O Betancourt's response. (Doc. 24). For the reasons below, the Court denies the motion.

This is a breach of insurance contract dispute. Defendant moves to dismiss arguing Plaintiffs failed to file a Notice of Intent to Initiate Litigation prior to filing suit, as required under Fla. Stat. § 627.70152(3). But Plaintiffs did file the notice, which they attach to their response. (Doc. 24-2).[1] What's more, Plaintiffs attach multiple correspondence from Defendant responding to

---

[1] The Court notes the attached notice identifies the insurer (Defendant) as "Zurich American" instead of "American Zurich." But if this minor defect is Defendant's concern, it does not argue as such.

Plaintiffs' notice. (Docs. 24-3, 24-4). Defendant did not file a reply brief disputing these documents. So the Court is left wondering what the parties discussed during the Local Rule 3.01(g) conferral and why Defendant did not withdraw its motion. Instead, the Court needlessly spent time and judicial resources on Defendant's seemingly baseless motion.

Even if Plaintiffs had not filed the notice, Federal Rule of Civil Procedure 9(c) would salvage Plaintiffs' claim. Rule 9(c) provides that the performance of conditions precedent may be generally alleged. In their complaint, Plaintiffs allege that they "performed all post loss obligations and all conditions precedent to the filing of this lawsuit have occurred, been met, performed, or waived by Defendant." (Doc. 4 ¶ 14 (grammatical error original)). This is sufficient under Rule 9(c). *See, e.g.*, *Duke v. Westchester Surplus Lines Ins. Co.*, No. 2:23-CV-964-SPC-NPM, 2024 WL 519765, at *2 (M.D. Fla. Feb. 9, 2024) (denying the defendant's Rule 12(b)(6) motion that the plaintiff failed to comply with § 627.70152 because the plaintiff generally alleged compliance); *Graves v. Great Lakes Ins. SE*, No. 2:23-CV-373-SPC-KCD, 2023 WL 8004429, at *1 (M.D. Fla. Nov. 17, 2023) (same). So the Court denies Defendant's motion.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 13) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record